IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE E. BROWN, Ph.D.<br>5206 Cornell Avenue<br>El Paso TX 79924<br><br>*Plaintiff,*<br><br>v.<br><br>HOWARD UNIVERSITY HOSPITAL<br>2041 Georgia Ave. NW<br>Washington, DC 20060<br><br>*Defendant.* | Case No.: _____ |

## COMPLAINT

Plaintiff, Fannie E. Brown, by way of her attorney, Morris E. Fischer, Esq., hereby states the following complaint, on information and belief formed after reasonable inquiry under the circumstances, against Defendant, Howard University Hospital. Plaintiff states the following in support of her complaint:

### PARTIES

1. Plaintiff Fannie E. Brown ("Plaintiff") was employed as Director of Graduate Medical Education by Defendant, Howard University Hospital. ("Defendant" or "HUH").

2. Defendant Howard University Hospital is in the District of Columbia and does business in the District of Columbia.

### JURISDICTION

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

### CONDITIONS PRECEDENT

4. On or about April 20, 2013, Plaintiff filed a complaint with the EEOC alleging unlawful age discrimination by Defendant.

5. More than 180 days have passed since the filing of Plaintiff's EEOC complaint.

6. The EEOC issued a 90 day right to sue letter to Plaintiff on March 18, 2014.

7. Plaintiff has exhausted all administrative remedies prior to this action.

## FACTS

8. Dr. Brown is currently 63 years old.

9. Including her time spent with HUH, Dr. Brown has over 25 years of experience as a medical school administrator.

10. Dr. Brown was hired by HUH in November 2010 as a Director of Graduate Medical Education ("GME").

11. As Director of GME, Dr. Brown worked with the Designated Institutional Official ("DIO"), Dr. Robin Newton, to ensure that the various residency and fellowship programs of HUH are in compliance with various accrediting bodies' requirements, including the Accreditation Council for Graduate Medical Education ("ACGME").

12. The DIO role is a specific institutional requirement created by the ACGME that requires an institution with graduate medical education programs designate a specific individual to be responsible, as an institutional representative, for oversight of program and institutional compliance with program and institutional requirements for accreditation.

13. Plaintiff began employment with Defendant in January, 2011.

14. HUH is a hospital whose headquarters is in Washington, DC and is part of Howard University.

15. While employed at HUH, Dr. Brown worked closely with program directors and the respective program coordinators to ensure compliance with accrediting bodies' requirements by answering specific inquiries preparing the Program Information Form, a document submitted to the accrediting body prior to an accreditation site visit.

16. Dr. Brown also performed other tasks, including but not limited to: revision of GME policies and procedures, revision of the House Staff Manual, participation in the internal review of programs, oversight of preparation of the core curriculum, resident orientation and GME Retreat, and secondary supervision of GME office staff.

17. Dr. Brown had signatory authority for invoices and training permit applications from residents.

18. Throughout her employment, Dr. Brown received positive feedback on her work.

19. In particular, Dr. Brown was commended by Dr. Rebat Halder, chair of Dermatology and Residency Program Director at HUH, for her work preparing for an accreditation site visit.

20. Dr. Brown was terminated on or about December 27, 2012.

21. At the time that Dr. Brown was terminated, she was 62 years old.

## **AGE DISCRIMINATION**

22. Prior to Dr. Brown's hiring, Dr. Robin Newton served as Designated Institutional Official and Director of GME for HUH.

23. Dr. Newton was promoted to Associate Senior Vice President for Clinical Affairs and Quality, creating the opening for which Dr. Brown was hired.

24. Subsequently, it was decided by the Howard University administration that Dr. Newton would no longer serve as DIO in addition to her Associate Senior Vice President role.

25. Dr. Peter Sealy was hired in August 2012 as Associate Dean for Graduate Medical Education, and took over DIO duties for Dr. Newton.

26. Dr. Sealy split his work time between GME and DIO duties, clinical services in internal medicine and educational activities, spending 60% of his time on DIO duties, 20% of his time on clinical services and 20% of his time on educational activities.

27. Dr. Brown was given notice of termination on December 6, 2012.

28. In January 2013, HUH created a new position titled GME Administrator and Development Manager to complement the DIO position.

29. Many of the responsibilities of the GME Administrator and Development Manager overlap with that of the former position held by Dr. Brown, including: providing assistance to the DIO, oversight of program compliance, revision of GME policies and procedures, participation in the internal review of programs, coordination and implementation of GME institutional policies and procedures.

30. HUH appointed a female under the age of 40, Alonda Thompson, into the GME Administrator and Development Manager position.

31. While Ms. Thompson may not have been given the GME Administrator and Development Manager title until late 2012, she began working in this role as soon as Dr. Brown was terminated.

32. Dr. Brown was qualified to hold the GME Administrator and Development Manager position.

33. Dr. Brown received a copy of her position description and was required to sign in accepting the position of Director, Graduate Medical Education which stated: "I have received a copy of this position description, which I have read, and understand. I further

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant in her favor, and seeks the following relief:

A. Reimbursement for lost wages in the form of back pay;

B. Reimbursement for lost benefits;

C. Pre-judgment interest on lost wages and lost benefits for the period of time from date of termination to entry of judgment;

D. Compensatory damages for the losses flowing from the Defendant's illegal discrimination;

E. Punitive damages against the defendant; and,

F. All other relief as the Court deems fit.

                                        Respectfully Submitted,

                                        Morris E. Fischer, Esq.
                                        DC Bar No. 490369
                                        1400 Spring Street
                                        Suite 350
                                        Silver Spring, MD 20910
                                        (301) 328-7631 phone
                                        (301) 328-7638 fax
                                         Attorney for Plaintiff

## JURY DEMAND

Plaintiff herein demands a jury for all issues to be tried in this case.

Respectfully Submitted,

*/s/ Morris E. Fischer*

Morris E. Fischer, Esq.
DC Bar No. 490369
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff