UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FANNIE E. BROWN, Ph.D. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Civil Action No.: 14-1019 (RDM) <br> HOWARD UNIVERSITY HOSPITAL, ) <br> ) <br> Defendant. ) <br> ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
FOR WHICH THERE IS A GENUINE DISPUTE**

Plaintiff, Fannie Brown, by and through his undersigned counsel, hereby respectfully submits this Statement pursuant to Local Rule 7(h) and Rule 56 of the Federal Rules of Civil Procedure in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Plaintiff also respectfully refers the Court to the factual statements in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, which sets forth a detailed accounting of the facts in this case, disputed or otherwise. Notwithstanding the proceeding statement, Plaintiff further reserves the right to challenge Defendant's contentions concerning the undisputed facts in this case.

As set forth in Plaintiff's accompanying Memorandum of Points and Authorities, there are material facts in dispute, which should allow this case to proceed to trial. Plaintiff submits this statement responding to Defendant's statement by correspondingly numbered paragraphs.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

1. No dispute

2. No dispute

3. No dispute

4. No dispute

5. No dispute

6. No dispute

7. No dispute

8. No dispute

9. No dispute

10. There exists a genuine dispute as to the intent of the restructuring. Plaintiff contends that part of the intent of the restructuring was to replace her with Alonda Thompson. The transition plan proposes that Ms. Thompson will take on many of the responsibilities that Dr. Brown was already performing. *See* Exhibit 5. Exhibit 1; Brown Dep. 50-54.

11. There exists a genuine dispute as to the reason Dr. Sealy made the official recommendation to restructure the personal organization chart. Plaintiff asserts that Dr. Sealy recommended a restructuring, thus eliminating Plaintiff's position, because of Plaintiff's age. Exhibit 1; Brown Dep. 36- 43; 50-54.

12. There exists a genuine dispute as to the reason Dr. Sealy made the official recommendation to restructure the personal organization chart. Plaintiff asserts that Dr. Sealy recommended a restructuring, thus terminating Plaintiff's position, because of Plaintiff's age. Exhibit 1; Brown Dep. 36- 43; 50-54.

13.     There exists a genuine dispute as to the reason for the proposed restructuring.  Plaintiff asserts that Dr. Sealy recommended a restructuring, thus terminating Plaintiff's position, because of Plaintiff's age. Exhibit 1; Brown Dep. 36- 43; 50-54.

14.     No dispute

15.     There exists a genuine dispute as to the timing of when Dr. Sealy knew he required support in his position as DIO and Associate Dean for GME.  The evidence contradicts HUH's assertion that it created a new position for Ms. Thompson eight ("8") months after firing Dr. Brown because: HUH planned to replace Dr. Brown with Ms. Thompson 8 months prior to her actual firing; Ms. Thompson used her new job title two ("2") months after Dr. Brown's firing; Ms. Thompson's own resume indicates that she stopped working in her prior position 2 months after Dr. Brown's firing; and Defendant only advertised the new position after it learned of Dr. Brown's EEOC complaint.

16.     There exists a genuine dispute as to the timing of when Dr. Sealy recommended the creation of the GME A&D manager position.  Plaintiff asserts that the position was just a re-titled version of her old position that was proposed in March 2013 and given to Ms. Thompson upon Plaintiff's termination.  *See* Brown Dep. 54-64; *See also* exhibit 5;

17.     There exists a genuine dispute as to the timing of when HUH created the GME A&D Manager position.  Plaintiff asserts that the position was just a re-titled version of her old position that was proposed in March 2013 and given to Ms. Thompson upon Plaintiff's termination.  *See* Brown Dep. 54-64; *See also* exhibit 5;

18.     No dispute

19.     There exists a genuine dispute to whether the GME A&D manager position reflected decreased responsibilities and served as the ancillary benefit of a budget reduction.  Plaintiff

asserts The GME Administrator and Development manager (hereinafter "GME A&D manager") position description set forth many of the same job duties that Dr. Brown had previously performed as Director GME.  *See* GME A&D manager position description[1]; *see also* Brown Dep. at 54-55.  For instance, both positions had job responsibilities of assisting the DIO with maintaining HUH's accreditation with the ACGME, overseeing the residency and fellowship programs, responding to inquiries concerning the policy or requirements of the ACGME program, revising GME policies & procedures, coordinating GME institutional policies, and supervising the GME office staff and program managers.  *See* **Exhibit 4 & 10**; *see also* Brown Dep. 54-64.

20. There exists a genuine dispute of if Ms. Thompson was a candidate for the position of GME A&D manager.  Plaintiff asserts that the position was just a re-titled version of her old position that was proposed in March 2013 and given to Ms. Thompson upon Plaintiff's termination.  *See* Brown Dep. 54-64; *See also* exhibit 5;

21. There exists a genuine dispute as to who Ms. Thompson's supervisor was as a program manager in Internal Medicine.  Plaintiff asserts that Ms. Thompson's supervisor was Dr. Sealy because she reported to Dr. Sealy and listed Dr. Sealy as her supervisor on her application.  See **Exhibit 7**.

22.  There exists a genuine dispute as when Ms. Thompson assumed the duties and title of GME A&D manager.  Defendant asserts that Ms. Thompson received this job on September 23, 2013.  Plaintiff asserts that Ms. Thompson began performing the job duties in February 2013 and assumed the job title in March 2013 based on Ms. Thompson's resume and signature in her email.  *See* Exhibit 7 & 9.

23. No dispute

---

[1] The GME A&D manager position description is filed herewith as **Exhibit 10**.

Dated: June 25, 2015							Respectfully Submitted

							_____/s/_____
							Michael C. Fallings, 19389
							Morris E. Fischer, Esq.
							Morris E. Fischer, LLC
							1400 Spring Street, Suite 350
							Silver Spring, MD 20910
							(301) 328-7631 (telephone)
							(301) 328-7638 (facsimile)
							morris@mfischerlaw.com