**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FANNIE E. BROWN,

        Plaintiff,

   v.

HOWARD UNIVERSITY,

        Defendant.

Civil Action No. 14-1019 (RDM)

**<u>JURY INSTRUCTIONS</u>**

1

## PREAMBLE

Ladies and gentlemen of the jury, now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case.  It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  You may not ignore or refuse to follow any of them.

The lawyers have referred to some of the governing rules of law in their arguments, as they are allowed to do.  If, however, any difference appears to you between the law as stated by the lawyers and the law as stated by me in these instructions, you are, of course, to be governed by *my* instructions.  Nothing I say is to be taken as an indication that I have any opinion about the facts of the case.  It is not my function to determine the facts; that is your job and your job alone.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

For those of you taking notes, I want to let you know that a written copy of these instructions will be available for you during your deliberations.

Let me begin with some general principles.

## FUNCTION OF THE COURT

As I've told you before, my function is to conduct the trial of the case in an orderly, fair, and efficient manner, to rule on questions of law arising during the trial, and to instruct you on the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

## FUNCTION OF THE JURY

Your function as jurors is to decide the facts.  You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the credibility or believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

## SIGNIFICANCE OF PARTY DESIGNATIONS

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the one who is sued by the plaintiff. Here, Dr. Brown is the plaintiff and Howard University is the defendant.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

## JUROR'S DUTY TO DELIBERATE

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors.   You should not hesitate to change an opinion when convinced that it is wrong.  You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience.  In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

## ATTITUDE AND CONDUCT OF JURORS

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return in this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You must treat and consider all of these instructions as a whole.  You must not single out any particular instruction or sentence while ignoring others.  You must give each instruction equal importance and consider each one equally with all other instructions.

## COURT'S COMMENTING ON THE EVIDENCE

The law permits me to comment to you about the evidence in this case, although I don't believe I have done so in this case.  But let me say that any comments I may have made about the facts do not bind you.  If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment.  Remember, you are the sole and exclusive judges of all questions of fact in this case.

## COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

## JURY NOT TO TAKE CUE FROM JUDGE

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.  Nothing I have said or done should influence you or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

## RULINGS ON OBJECTIONS

There were times during the trial when one party made an objection to a question asked by another party or to an answer given by a witness.  It is the duty of a lawyer to make objections if he or she believes something improper is being done.  When I sustained an objection to a question, the witness was not allowed to answer it.  Disregard the question, and do not attempt to guess what the answer might have been had I allowed the question to be answered.  Similarly, when I told you to disregard a particular answer—when I ordered it stricken—you should have put that statement out of your mind, and you may not refer to that question or that stricken answer during your deliberations.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by anyone's objections, no matter how I ruled upon them.

## EQUALITY OF LITIGANTS

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this court.

## EVIDENCE IN THE CASE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated as undisputed evidence.

**INFERENCES**

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

## STATEMENTS OF COUNSEL

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence.  They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence.  A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

## JURY'S RECOLLECTION CONTROLS

During this case, I or one of the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory. It is your recollection of the evidence that controls.

## BURDEN OF PROOF

The party who makes a claim has the burden of proving it.  This burden of proof means that plaintiff must prove every element of her claim by a preponderance of the evidence.  To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so.  In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty.  For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence.  In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is exactly evenly balanced on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

## EVIDENCE PRODUCED BY ADVERSARY

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether he or she produced it or his or her adversary produced it.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial.  Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances.  For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow.  Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  The law does not require a greater degree of certainty for circumstantial evidence than for direct evidence.  You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

## JURY TO DETERMINE CREDIBILITY OF WITNESSES

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

21

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

## NUMBER OF WITNESSES

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough evidence to prove a fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witness's testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement that the witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement at a deposition or otherwise under oath subject to the penalty of perjury, then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not at a deposition or otherwise under oath subject to the penalty of perjury when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility; that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

## NATURE OF PLAINTIFF'S CLAIMS

Under federal law, an employer may not discriminate against an employee because of that employee's age when the employee is forty years old or older.

In this case, the plaintiff—Fannie Brown—claims that the defendant—Howard University—discriminated against her because of her age. She alleges, in particular, that Howard University terminated her employment because of her age.

Howard University denies the charge and contends that it terminated Dr. Brown for a legitimate, non-discriminatory reason.

Under the Age Discrimination in Employment Act, it is illegal to discharge an employee who is over forty years old because of her age. In order for the plaintiff to prevail on her Age Discrimination in Employment Act claim against the defendant, she must prove the following three essential elements by a preponderance of the evidence:

First, that the plaintiff was forty years old or older;

Second, that the plaintiff was discharged by the defendant; and

Third, that the defendant discharged the plaintiff because of her age. That is, that the defendant would not have discharged the plaintiff but for her age.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

## THE DEFENDANT'S EXPLANATION

In considering whether the plaintiff has established the third element of her claim—that is, that she was discharged because of her age, you may consider the defendant's contention that the plaintiff was discharged for a legitimate, non-discriminatory reason. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgments. An employer may make employment decisions for any reason, whether or good or bad, as long it does not do so for unlawful, discriminatory reasons. It is not your function to second-guess the wisdom of any employment decision affecting the plaintiff, but rather to determine whether she was discharged because of her age.

## CONSIDERATIONS OF PRETEXT

If you do not believe the defendant's explanation for discharging the plaintiff, then you may—but you do not have to—infer that the defendant's true reason was discrimination based on the plaintiff's age. Likewise, if you conclude that the defendant has given shifting and inconsistent explanations for discharging the plaintiff, then you may—but you do not have to—infer that the defendant's reasons are pretextual and that the real reason the plaintiff was discharged was because of her age. Unlawful discrimination because of age is not necessarily established just because you disbelieve the defendant's explanation. But, if you believe that the defendant's explanation was, in fact, a pretext to discriminate against the plaintiff because of her age, then you should find for the plaintiff.

## AGENTS AND EMPLOYEES

One party in this case is Howard University.  A university can act only through individuals as its agents or employees.  In general, if any agent or employee of a university acts or makes statements within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are the acts and statements of the university.

## OTHER PROCESSES IRRELEVANT

In the course of the trial, counsel or witnesses may have mentioned processes before the Equal Employment Opportunity Commission, or "EEOC." Before filing a lawsuit claiming discrimination, an employee is required to file a claim with the EEOC. You are not to speculate about what the EEOC may or may not have done in this case. Any conclusion the EEOC may have reached is irrelevant to the decision you must make as a jury. You alone are the judges of the facts in this case, and you alone—not me, not counsel, and not the EEOC—must decide whether Howard University terminated Dr. Brown because of her age.

## COMPENSATORY DAMAGES

I am now going to instruct you about damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think you should award damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Dr. Brown on her claim against Howard University, and you decide to award her damages.

## DAMAGES—JURY TO AWARD

If you find that the plaintiff has carried her burden of showing that it was more likely than not that Howard University discharged her because of her age, you must then consider the issue of the damages that the plaintiff has sustained, if any.  That is, you are to award the plaintiff an amount equal to the pay and benefits that she would have received from the defendant had she not been discharged.  The time period you should consider is the date the plaintiff was discharged until either the date you find she would have retired or the date of trial, whichever is earlier.

## EXTENT OF DAMAGES—PROXIMATE CAUSE

If you find for Dr. Brown, she is entitled to damages that Howard University's wrongful conduct proximately caused.  Howard is liable only for the damages that its conduct caused.  If you find that Howard's conduct only caused part of Dr. Brown's damages, then it is liable only for that part that it caused.

## BURDEN OF PROOF—SPECULATIVE DAMAGES

The burden of proof is on Dr. Brown to establish all elements of her damages by a preponderance of the evidence.  She must prove her damages with reasonable certainty.  You may award plaintiff damages only for unpaid wages and benefits that are not speculative.  Speculative damages are those that might be possible but are remote or based on guesswork.

You may not award the plaintiff damages for pain and suffering or emotional distress.  In addition, you may not award the plaintiff "punitive" damages—that is, damages that go beyond compensating the plaintiff for actual lost wages and benefits.  That is an issue, if at all, for the Court.

Dr. Brown does not have to prove her exact damages, however.  You may award her damages that are based on a just and reasonable estimate derived from relevant evidence of her lost wages and benefits.

## MITIGATION OF DAMAGES

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to mitigate damages. That is, a plaintiff must make every reasonable effort to minimize or to reduce her damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages."

The defendant bears the burden of proving by a preponderance of the evidence that the plaintiff failed to mitigate the plaintiff's damages for loss of compensation. If you determine the plaintiff is entitled to lost compensation, you must reduce that loss by what the plaintiff could have earned by reasonable efforts during the time period for which you may award damages. You must decide whether the plaintiff acted reasonably. If you determine that the plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from the plaintiff's failure to do so.

You must not compensate the plaintiff for any portion of the plaintiff's losses resulting from the plaintiff's failure to make reasonable efforts to reduce her losses.

## WILLFUL VIOLATIONS

If you find that the defendant discharged the plaintiff because of her age, you must also determine if the defendant's conduct was willful.  If you find that the defendant willfully violated the Age Discrimination in Employment Act, the Court will award the plaintiff money damages in addition to whatever back pay that you have awarded.  The plaintiff has the burden of proving willfulness by a preponderance of the evidence.

A violation of the Age Discrimination in Employment Act is willful if the defendant knew that its employment action was a violation of the law or acted in reckless disregard of that fact.  Willfulness requires more than that the defendant acted negligently.  If the defendant did not know that the law was applicable, or knew only that it was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by law, then its conduct was not willful.

In the event you find discrimination, there will be a separate place on the verdict sheet to indicate whether or not you find such discrimination willful.

## SELECTION OF A FOREPERSON

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of the evidence.

## UNANIMITY OF VERDICT

The verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree with the verdict.  Your verdict must be unanimous.

## EXHIBITS DURING DELIBERATIONS

I am sending into the jury room with you the exhibits that have been received in evidence.

You may examine any or all of them as you consider your verdict.

## COMMUNICATIONS BETWEEN COURT AND JURY

If it becomes necessary during your deliberations to communicate with me, you may send a note by the deputy clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me by any means other than a signed note, and I will never communicate with any member of the jury on any matter touching the merits of this case except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the deputy clerk, the marshal, or me—how the jury stands on the issues until after you have reached a unanimous verdict.  This means, for example, that you never tell me, in writing or in open court, how the jury is divided on any matter—such as 5 to 3, 6 to 2, 7 to 1, or in any other fashion.

## CAUTIONARY INSTRUCTION ON PUBLICITY AND INTERNET USE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case, including family and friends.  You may not use any electronic device or media, such as a telephone, cellphone, smartphone, or computer; the internet, any internet service, any text or instant messaging service, or *any* social media, including Facebook, LinkedIn, Instagram, Twitter, SnapChat, Periscope, YouTube, or any other app, program, or website, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  You can discuss the case only in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

As I've instructed you previously, in some cases, although not necessarily this one, there may be reports in the newspaper, radio, television, or internet concerning the case while deliberations are going on.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not listen to or read such reports, and you must decide this case solely on the evidence presented in this courtroom.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

You must consider only evidence that meets certain standards in reaching your verdict.  For example, witnesses must be sworn to tell the truth and must be subject to cross-examination.  News reports about this case are not subject to these standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case, and to which the other side is unable to respond.  Therefore, you must completely

40

disregard any press, television, radio, or internet reports that you may read, see, or hear. Such reports are not evidence and you should not be influenced in any manner whatsoever by such publicity.  If any publicity about this trial inadvertently comes to your attention during your deliberations, do not discuss it with other jurors or anyone else.  Just let me or the deputy clerk or marshal know as soon after it happens as you can.  I will then briefly discuss it with you to make sure it does not present any problems.

In fairness to both sides, it is essential that you comply with this instruction.

## FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

As I mentioned earlier, I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary.  Please return the instructions to me when your verdict is rendered.

## NOTETAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are to be only an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, the deputy clerk will collect your notebooks and pencils when you return to the courtroom.  We will destroy your notes immediately after the trial.  No one, including myself, will look at them.

43

## VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the essential elements of the claims that must be proven. The form is meant only to assist you in recording your verdict.

The form consists of a few questions. You should record your verdict on that form only after you have reached a unanimous verdict. It should then be signed and dated by the foreperson.

If you think it might help you in your deliberations, you may consider reviewing the verdict form early in your deliberations to get a sense of the issues you will need to address.

## JURY'S RESPONSIBILITY

Please remember that nothing said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner my belief as to what verdict I think you should return.  What the verdict shall be is your sole and exclusive duty and responsibility.

## RETURNING VERDICT AND POSSIBILITY OF A POLL

Lastly, I want to mention one or two matters before you begin your deliberations. These concern how your verdict will be delivered. When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note. Don't tell me what your verdict is, and do not send your verdict form out. I will find out your verdict by asking your foreperson to provide the verdict form, and the verdict will then be stated in open court after you have finished your deliberations and returned to court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled. The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous. "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced. Your job is easy. If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat. If you disagree in any way you should simply say "no." Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

Members of the jury, at this time you may retire to begin your deliberations.